UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DUANE HICKMAN,<br>Plaintiff,<br>v.<br>ELIZONDO,<br>Defendant. | No. 2:26-cv-2446 CSK P<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is a prisoner proceeding pro se. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

For the reasons stated below, the Court recommends that plaintiff's motion to proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(g). It is also recommended that plaintiff be ordered to pay the filing fee in full prior to proceeding any further with this action

## I. THREE STRIKES RULE

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit demonstrating that the person is unable to pay such fees. However, 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment

> in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. "It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

An inmate who accrues three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that plaintiff was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to

§ 1915(g).”). “[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint.” Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022).

## II. PLAINTIFF’S PRIOR STRIKES

Court records reveal that plaintiff has three prior actions that were dismissed for failing to state a claim:

1. Hickman v. Chisholm, 2:19-cv-1254 TLN AC P, dismissed September 17, 2024.
2. Hickman v. Chisholm, 2:19-cv-1725 KJM DB P, dismissed December 6, 2019.
3. Hickman v. CDCR, 2:25-cv-2662 DC JDP, dismissed March 25, 2026.

Judgment is final in all three cases.

The Court takes judicial notice of the three lawsuits set forth above.[1] Each prior case was dismissed before the instant action was commenced by the filing of plaintiff’s complaint on July 13, 2026, and none of the strikes have been overturned. Thus, the Court finds that plaintiff is precluded from proceeding in forma pauperis unless he is “under imminent danger of serious physical injury.” 28 U.S.C. § 1915(g).

## III. IMMINENT DANGER

In his complaint, plaintiff names Peace Officer Elizondo as the only defendant. (ECF No. 1 at 2.) The alleged deprivations occurred at the California Health Care Facility (“CHCF”). (Id. at 1.) The complaint raises one claim for relief: copyright infringement in violation of Title 17. (Id. at 3.) Plaintiff claims that on July 9, 2026, Sergeant Moreno told defendant Elizondo to “write up” plaintiff after plaintiff objected to his transfer to building 5. (Id.) Plaintiff claims that defendant Elizondo used plaintiff’s copyrighted property without plaintiff’s permission by including it in the rules violation report. (Id.) Plaintiff claims that defendant Elizondo and Sergeant Moreno are conspiring to write a rules violation report against plaintiff every week. (Id.) Plaintiff appears to claim that each of these rules violation reports uses plaintiff’s

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) (“[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue”) (internal quotation omitted).

copyrighted property without plaintiff's permission. (Id.) Plaintiff claims that defendant Elizondo violates copyright law every time he uses plaintiff's name without plaintiff's consent. (Id.) This Court finds that the allegations in plaintiff's complaint fail to demonstrate that plaintiff faced "imminent danger of serious physical injury" when he opened this action on July 13, 2026.[2]

Absent facts showing plaintiff was under such imminent danger, plaintiff is not entitled to an exception to the three strikes bar.

**IV. CONCLUSION**

The Court finds that plaintiff failed to meet his burden under 28 U.S.C. § 1915(g). Therefore, it is recommended that plaintiff's application to proceed in forma pauperis be denied, and plaintiff must submit the appropriate filing fee in order to proceed with this action.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

Further, IT IS RECOMMENDED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) be denied.
2. Plaintiff be ordered to pay the filing fee in full prior to proceeding any further with this action in light of his status as a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g). Such payment must be made within twenty-one days from the date of any order adopting these findings and recommendations. Plaintiff's failure to comply with such order will result in a recommendation that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District

[2] On July 27, 2026, plaintiff filed an affidavit in support of the complaint. (ECF No. 6.) Plaintiff's affidavit restates the claims in the complaint and includes exhibits related to plaintiff's claim of copyright infringement.

Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 12, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Hick2446.1915/2